[No. 13089. Department Two. May 9, 1916.]

CHARLES W. CLARK, *Respondent*, v. PACIFIC POWER & LIGHT COMPANY, *Appellant*.[1]

MUNICIPAL CORPORATIONS—USE OF STREETS—OBSTRUCTIONS—ORDINANCES—CONSTRUCTION—VIOLATION—NEGLIGENCE PER SE. A city ordinance prohibiting the maintenance of guy wires at less than a certain height above the "authorized grade of any street," under penalty of a fine, being penal and subject to strict construction, can have no application to streets for which no grade had been authorized by ordinance or some equally formal act evidenced by writing or actual improvement; hence the maintenance of such a wire in a street the grade of which was established only by user, is not a violation of the ordinance, and would not be negligence *per se*.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered December 8, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Reversed.

*John A. Laing*, for appellant.

*Reynolds & Bond*, for respondent.

PARKER, J.—The plaintiff, Clark, commenced this action in the superior court for Walla Walla county, seeking recovery of damages for personal injuries which he claims resulted to him from the negligence of the defendant, Pacific Power & Light Company, in that it negligently maintained in a public street of the city of Walla Walla a guy wire run-

[1]Reported in 157 Pac. 462.

ning from one of its poles into the ground, upon which he tripped, receiving the injuries for which he claims damages. The trial resulted in verdict and judgment in favor of the plaintiff, from which the defendant has appealed to this court. The contentions of counsel for appellant are against the rulings of the trial court as to the application of an ordinance of the city, prescribing the manner of maintaining guy wires in streets, to the facts of this case, which rulings were, in substance, that appellant was guilty of negligence *per se* in maintaining the guy wire in the street, because such maintenance was in violation of the ordinance.

At the time respondent was injured, appellant owned and operated a light and power system in the city of Walla Walla, its lines and poles occupying the streets and alleys of the city under a franchise granted for that purpose. Maple street, running east and west, is intersected by First street, running north and south. In this intersection, near the northeast corner thereof, there was one of appellant's poles on which was one of its street lights. In order to maintain this pole in an upright position, there was a guy wire attached to it at a point about thirty-seven feet above the surface of the street, from which it ran south across Maple street to the top of a pole about twelve feet high set in the ground on the south line of Maple street about nine feet west of the east line of First street. Another guy wire ran from the top of this pole south, descending at an angle of about forty-five degrees, and entered the ground in First street. This guy wire was about three-eighths of an inch in diameter, evidently consisting of several wires twisted together. At night it was directly in the shadow of the pole to which it was attached, the shadow being from the electric light on the pole first above mentioned. It was over this guy wire, near where it entered the ground, that respondent tripped, in the nighttime, not seeing the wire because of its being in the shadow. .

This portion of First street south of Maple street comes to an end some two hundred feet to the south without con-

nection with any other street. It has been dedicated as a street for more than twenty years. It lies comparatively level, so that all parts of it can be used for ordinary travel without improvement, and has been so used to a considerable extent, at least for many years past. There are no buildings fronting thereon. At its south end, there is a gate leading to a dancing platform used in the summer seasons, and also a gate leading to the gardens of some Chinamen. These things seem to have furnished the reason for what travel passed over this portion of the street. There is no evidence in the record of this case tending to show that the city has ever improved any portion of First street south of Maple street in any manner whatever, nor that the city has ever established any grade therefor by ordinance or other formal action evidenced in writing. Indeed, the arguments of counsel upon both sides proceed upon the theory that no grade of this portion of First street was ever so established.

Ordinance No. 901 of the city, which the trial court permitted counsel for respondent to introduce in evidence over the objection of counsel for appellant, so far as we need here notice its provisions, reads:

"Sec. 1.    Hereafter it shall be unlawful for any person, firm, or corporation to construct, erect, build, run or maintain any wire or wires, whether for telephone, telegraph, electric light or power, or any other purpose whatever, at a less height than thirty-five feet in the clear above any part of the authorized grade of any street, sidewalk, or alley, or public place within the limits of the city of Walla Walla. Any wires carried from poles to buildings, thirty-five feet high or higher, shall be carried to the tops of such buildings. Anyone violating the terms of this section shall, upon conviction thereof, be fined in any sum not less than $5 or more than $100.

"Sec. 2.    The council may, upon application, for good cause shown, permit by order, wires for guys or stays running with the line of the street, or curb, but not crossing street or alley intersections, at a less height than 35 feet, but not less than 15 feet above the authorized grade."

At the conclusion of the trial, the court gave to the jury, among other instructions, the following:

"I instruct you that it was, on January 8, 1914, unlawful for any person, firm or corporation to build, erect or maintain any wire or wires for guys or stays or for any purpose whatever, at a less height than fifteen feet above the authorized grade of any street within the city of Walla Walla.

"Where no other grade has been adopted or established by the municipality, the words: 'Authorized grade,' as used in Ordinance No. 901 of the city of Walla Walla, mean the surface grade of any street, sidewalk, alley or public place, natural or improved, which the municipality holds open to the public for the purpose of travel and which it permits the public to use for such purpose.

"I further instruct you that a thing which is done or maintained in violation of positive law is in itself negligence; and, if you find from the evidence in this case, that at the time of the alleged injury to plaintiff, the defendant had erected and was then maintaining a guy wire running from a pole and entering the ground within First street of said city, at or near its intersection with East Maple street, at a less height than fifteen feet above the authorized grade of said street, and if you further find that plaintiff ran into and tripped over said wire and was injured thereby as alleged, if you find he was so injured, then that would constitute negligence on the part of the defendant for which it would be liable to plaintiff on account of any injuries which he may have sustained, as hereinafter instructed, unless you further find that plaintiff, under all the circumstances of this case, was himself guilty of such contributory negligence as would preclude him from recovery."

These rulings of the court in admitting in evidence this ordinance and in giving these instructions amount in effect to deciding and telling the jury that the maintenance of the guy wire in First street by appellant was negligence *per se,* because it was in violation of the provisions of ordinance No. 901, above quoted. We feel constrained to hold that this was error, being of the opinion that the words "Authorized grade of any street," as used in the ordinance, have no reference to any street other than such streets as the city may have

established, or "authorized" the grade of by some affirmative act, that is, by ordinance or some other equally formal act evidenced in writing, or by actual improvement. This ordinance is plainly penal in its nature, and is therefore to be strictly construed. 28 Cyc. 389; 36 Cyc. 1183.

An act that is not clearly within the prohibitive terms of the ordinance should not be held to subject the doer of such act to the prescribed penalty. We are thus led to the conclusion that, since the city never "authorized" any grade for this portion of First street by any affirmative act upon its part, appellant did not violate the terms of the ordinance and hence was not guilty of negligence *per se*, as the court in effect instructed the jury it was because of the violation of ordinance No. 901.

It may be that the jury would have found appellant guilty of such negligence as became the proximate cause of respondent's injury under all the facts and circumstances disclosed by the evidence, aside from the alleged violation by appellant of this ordinance by the maintenance of the guy wire in First street. It may also be that the jury would not have so found in the absence of these rulings of the trial court, which in effect required the jury to find that appellant was guilty of negligence, since the maintenance of the guy wire in First street was conceded, leaving the jury nothing of any consequence to consider other than whether or not such negligence was the proximate cause of respondent's injury, whether or not he was guilty of contributory negligence, and the amount of damages he was entitled to, if any.

The argument of counsel for respondent seems to proceed upon the theory that the question of this portion of First street having an "authorized grade" should be determined as where the question of change of grade arises between the city and owners of abutting property who have improved their property with reference to a grade long acquiesced in by the public though not formally established. Their cited authorities relied upon have to do with controversies of that nature.

Whatever rights property owners might have under such circumstances to have such a grade remain unchanged, as against an effort on the part of the city to change it, we think the well established rules of construction applicable to penal statutes and ordinances require us to hold that the words "authorized grade of any street," as used in this ordinance, excludes all streets the grades of which have not been established or "authorized" by some affirmative act of the city. Plainly this portion of First street has never had its grade so established or "authorized."

It may be suggested that appellant was guilty of violating ordinance No. 901 in maintaining the guy wire across Maple street at a less height than thirty-five feet, because of the established grade of Maple street, assuming that there was an established grade of that street. If so, such violation of the ordinance was plainly not the cause of respondent's injury, and hence is foreign to the question of appellant's negligence, if any, which caused respondent's injuries.

We are of the opinion that the admission of ordinance No. 901 in evidence, and the instructions of the court touching its applicability to this portion of First street, was error prejudicial to appellant's rights, entitling it to a new trial. This conclusion renders it unnecessary for us to notice other claims of error. The judgment is reversed, and the cause remanded to the superior court for further proceedings not inconsistent with the views herein expressed.

MORRIS, C. J., MAIN, and BAUSMAN, JJ., concur.